**In re Patricia KADEMOGLOU, Debtor.**

No. 96 C 2461.

United States District Court,
N.D. Illinois,
Eastern Division.

July 3, 1996.

Craig Phelps, Chapter 13 Trustee, Chicago, IL, Wayne N. Horne, Chicago, IL, for Patricia Kademoglou.

*MEMORANDUM OPINION
AND ORDER*

ZAGEL, District Judge.

On 31 January 1996, United States Bankruptcy Judge Ronald Barliant entered an Order of Civil Contempt against the Debtor,

Patricia Kademoglou. Two orders form the basis of the contempt. The first is the 2 October 1995 Turnover Order, which requires the return of money owned by Galaxy Precision Manufacturing, Inc. (Galaxy), a 1993 Mitsubishi 3000GT leased by Galaxy, and Galaxy's Corporate Book.

The second order which forms the basis of Ms. Kademoglou's contempt is the Order of 20 October 1995, which required Ms. Kademoglou and her attorney to appear in court on 6 November 1995 (Appearance Order). Neither appeared. The Appearance Order was continued to 20 November 1995; again, neither Ms. Kademoglou nor her attorney showed up. The Order was once again continued, this time to 22 January. But it was not until 29 January that Ms. Kademoglou's attorney (but not Ms. Kademoglou) finally appeared, and said he believed Ms. Kademoglou did not have the money to comply, and he had advised her not to appear as he thought the Court was without jurisdiction.

Ms. Kademoglou has filed objections to the Contempt Order, stating that inherent in contempt proceedings is the ability to comply with the Court's Order. Ms. Kademoglou states that she does not have the money to comply with the Court's Turnover Order and therefore did not intentionally violate the Order. Ms. Kademoglou further asserts that because she took all actions pursuant to advice of counsel, she cannot be held in contempt.

■ To support a finding of civil contempt, the moving party must establish through clear and convincing evidence that an order of the Court was in effect, the defendant knew of the order, and the defendant failed to comply with the order. *Kimco Leasing, Inc. v. Knee*, 144 B.R. 1001, 1009 (N.D.Ind.1992). The Order of Civil Contempt issued by Judge Barliant on 31 January 1996 contains findings of fact and conclusions of law which clearly and convincingly establish a prima facie case of the violation of both the Turnover [1] and Appearance Orders.

■ Once the moving party makes a prima facie showing that the court order was violated, the burden of production shifts to the alleged contemnor to show a present inability to comply. *United States v. Rylander*, 460 U.S. 752, 760–61, 103 S.Ct. 1548, 1554–55, 75 L.Ed.2d 521 (1983), citing *Maggio*, 333 U.S. at 75–76, 68 S.Ct. at 411–12. This burden can only be surmounted by "com[ing] forward with evidence in support of it." *Rylander*, 460 U.S. at 761, 103 S.Ct. at 1554. A "mere assertion of inability" will not suffice to show the factual impossibility of compliance. *United States v. Barnette*, 902 F.Supp. 1522 (M.D.Fla.1995). Indeed, surmounting the burden requires the alleged contemnor to show, "categorically and in detail" why she was unable to comply with the Court's previous order. *Donovan v. Mazzola*, 716 F.2d 1226 (9th Cir.1983), *cert. denied*, 464 U.S. 1040, 104 S.Ct. 704, 79 L.Ed.2d 169 (1984).

Ms. Kademoglou claims she is without funds to comply with the Turnover Order. But not only has she failed to provide the Bankruptcy Court with any evidence whatsoever to substantiate this claim, she never indicated (let alone substantiated) any reason why she was unable even to comply with those provisions of the Turnover Order which require the return of objects rather than cash. Similarly, in the course of filing in district court formal objections to the Order of Contempt, Ms. Kademoglou offers no more than a "mere assertion" that she cannot comply. This will not suffice. *See Maggio*, 333 U.S. at 75, 68 S.Ct. at 411 ("Of course, if the [alleged contemnor] offers no evidence as to his inability to comply with the turnover order, or stands mute, he does not meet the issue."). Ms. Kademoglou has not met her burden of production.

More damning to Ms. Kademoglou's case is her repeated failure to appear in Bankruptcy Court when specifically ordered to do so. These nonappearances are inexcusable: a waste of time for all parties involved, and a

---

1. The validity of the original Turnover Order itself is not in question. *See In re Contemporary Apparel*, 488 F.2d 794, 798 (3d Cir.1973) (A district court asked to impose civil contempt sanctions for non-compliance with a turnover order

"has quite limited power to review the factual and legal conclusions . . . that led to the issuance of the turnover order."). *See also Maggio v. Zeitz*, 333 U.S. 56, 68–69, 68 S.Ct. 401, 407–08, 92 L.Ed. 476 (1948).

sign of disrespect to the authority of the issuing court. Ms. Kademoglou had actual notice that she and her attorney were required to appear, but instead chose to ignore them. Her defense for failing to appear— i.e., her attorney advised her she did not have to—is, again, a mere assertion unsupported by evidence.

But even had Ms. Kademoglou bothered to produce some evidence to try and justify her wilful noncompliance with a valid court order, it is not a defense to civil contempt that one received erroneous advice from counsel. *See Cues, Inc. v. Polymer Industries, Inc.,* 680 F.Supp. 380, 387 (N.D.Ga.1988). *See also United States v. Remini,* 967 F.2d 754, 757–58 (2d Cir.1992) ("[A]dvice of counsel is not a defense to [an] act of contempt, although it may be considered in mitigation of punishment."); *TWM Mfg. Co., Inc. v. Dura Corp.,* 722 F.2d 1261, 1273 (1983) ("[A]dvice of counsel and good faith conduct do not relieve from liability for a civil contempt, although they may affect the extent of the penalty.").

Everyone, as the saying goes, is entitled to have their day in court. Ms. Kademoglou had hers—several times, in fact—but chose neither to appear nor to document her professed inability to comply. Now she must face the consequences of that choice.

I overrule Ms. Kademoglou's objections, and affirm the Bankruptcy Court's Contempt Order in its entirety.